UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANIEL ALEXANDRU CIOMAG<br>ALSO KNOWN AS "DANI CIOMAG"<br><br>Defendant. | Case No. 16-CR-163 (CKK) |

GOVERNMENT'S MEMORANDUM
IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum in support of its Motion for Pretrial Detention of defendant Daniel Alexandru Ciomag, also known as "Dani Ciomag," under 18 U.S.C. § 3142(f)(2)(A).

OVERVIEW

On October 6, 2016, a federal grand jury returned a one count superseding indictment charging Ciomag and others with conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349. On April 7, 2017, Ciomag was arrested by the General Inspectorate of Romanian Police, Criminal Investigations Directorate, Fugitive Active Search Team, as he attempted to enter his vehicle in Romania. Ciomag subsequently consented to his extradition on June 9, 2017, and he arrived in the United States today, June 29, 2017. Ciomag is scheduled to make his initial appearance pursuant to Rule 5 on June 30, 2017, before this Court.

APPLICABLE LAW

A defendant must be detained pending trial, if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and

1

the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e). A finding of either risk of flight or danger is sufficient for detention. *See, e.g., United States v. Ferranti*, 66 F.3d 540, 543-44 (2nd Cir. 1995). The government must prove that a defendant presents a risk of flight only by a preponderance of the evidence, not by clear or convincing evidence or other, more demanding standards. *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996). Furthermore, at a detention hearing, the government may present evidence by way of a proffer. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

In assessing the risk of flight presented by the defendant, the Court should consider the following factors: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). As set forth more fully below, each of these factors supports the detention of the defendant.

### 1. The nature and circumstances of the offense

The grand jury found probable cause to believe that the defendant conspired to commit wire fraud. Specifically, the defendant and at least three other co-conspirators operated a cyber-fraud scheme known as a "business email compromise" or "BEC" scheme. As part of that scheme, the defendant and his co-conspirators sent fraudulent emails to middle-level managers of large corporations and pretended to be high ranking officials at those companies. Through those emails, which were created to mimic the high-ranking officials' actual email addresses, the defendant and his co-conspirators would then induce the middle-level managers into believing their assistance was needed to complete high-level corporate transactions. Through careful social

engineering, the defendant and his co-conspirators persuaded numerous middle-level managers into wiring millions of dollars to bank accounts controlled by members of the conspiracy. The defendant and his co-conspirators, through their fraudulent conduct, successfully defrauded numerous companies around of the world of millions of dollars.

The defendant's arrest was part of a larger global take-down coordinated by the United States and various other countries, including Germany, Romania, Bulgaria, and Israel, with the goal of disrupting a major cyber fraud ring. Based on the facts discussed above, the charges against the defendant expose him to a significant period of incarceration. The maximum period of incarceration for Conspiracy to Commit Wire Fraud is 20 years. Although the actual sentence imposed is likely to be less than the statutory maximum, this level of criminal exposure creates a significant incentive to flee. *See, e.g., United States v. Anderson*, 382 F. Supp. 2d 13, 15 (D.D.C. 2005) (citing "maximum penalty of 23 years" in support of detention).

The defendant's conduct also shows that he has employed fraudulent and deceptive tactics to defraud individuals and institutions. To defraud the companies, the defendant created false emails and corporate paperwork that he and other members of the conspiracy sent to the employees of the victim companies to lure them into believing they were participating in legitimate corporate transactions. The defendant's emails were specifically tailored to appear identical to the email addresses of by the high-ranking corporate officials at the companies. Furthermore, in the fake contracts, the defendant would copy the real signatures of the high-ranking corporate officials and would also insert the actual companies' corporate logos into the emails he sent. The defendant also assisted in crafting the content of the emails to the companies, posing as the high-ranking corporate official. Furthermore, the defendant and his co-conspirators utilized a sophisticated

money laundering system to obtain the proceeds of their fraud, utilizing corporate bank accounts in shell companies' names, a hawala system of money movement, and bank accounts in China. As courts in the District of Columbia have recognized, these are precisely the kinds of factors that create a substantial risk of flight.  *See United States v. Bikundi*, 47 F. Supp. 3d 131, 134 (D.D.C. 2014) (citing defendant's "sophistication" in "set[ting] up several companies" that were used in the offense, as well as participation in "complex" fraud, in support of detention); *United States v. Tann*, 04-cr-392, 2006 U.S. Dist. LEXIS 28939, **13-14 (D.D.C. May 12, 2006) ("The fact that [defendant] is alleged to have been deeply implicated in crimes the nature and consequences of which involve deception; that those deceptions are alleged to have included the use of false and fictions identities, both individual and corporate; and that sophisticated supporting documentation was manufactured to assist in the use of those identities… strongly support a finding that there was no condition or set of conditions that would reasonably assure defendant's appearance.") (citation and quotations omitted).

    **2. The weight of the evidence against the defendant**

In this case, at least three government cooperators, and one government witness, can distinctly, and in detail, identify the criminal conspiracy in which the defendant participated in and, in particular, the defendant's role and conduct in that scheme.  In addition, the government possesses an undercover recording of the defendant, from February 2015 in Warsaw, Poland, where he discusses the BEC scheme with his co-conspirator, Marian Rizescu, and a government cooperator.  Moreover, evidence in the form of numerous intercepted chat communications between members of the conspiracy, including Ciomag, corroborate Ciomag's involvement in the conspiracy.

3. **The history and characteristics of the defendant**

Ciomag has no ties to the United States and has no legal status in the United States. Moreover, prior to the defendant's arrest in Romania, the United States was not aware of Ciomag's location.

4. **The nature and seriousness of the danger to any person or the community posed by the person's release**

The United States is not aware of any violent acts by the defendant. Even though the government is not requesting detention based on dangerous, Section 3142(g)(4) requires the Court to consider "the nature and seriousness of the danger to any person or the community posed by the person's release." "There can be no question that an economic danger . . . falls under the broad umbrella of 'dangerousness' as that term is used throughout the Bail Reform Act." *United States v. Giordano*, 370 F. Supp. 2d 1256, 1270 (S.D. FL 2005). The possibility of economic danger to the community if the defendant is released is based on the defendant's ability to commit sophisticated frauds using computers and posing as other individuals. The defendant was brought to the United States based upon his extradition from another country.

Furthermore, the government intends to proffer evidence, pursuant to Rule 404(b), at any trial of the defendant showing his prior involvement, with defendant Marian Rizescu and other co-conspirators, in an international vehicle fraud ring between 2011 and 2013. As part of that ring, Ciomag and others posted advertisements for vehicles they did not own or possess on internet websites as ebay.com, cars.com, and autotrader.com. Through their fraudulent advertisements, Ciomag and his co-conspirators bilked hundreds of victims in the United States and around the world of millions of dollars. To obtain those funds, Ciomag and his co-conspirators utilized a sophisticated money laundering network that involved money mules being sent to the United States

to open bank accounts in shell companies' names. Once the fraudulently-obtained funds were withdrawn from those accounts, Ciomag and his co-conspirators utilized bulk cash smuggling and a hawala system to transfer that money back to their co-conspirators in Europe.

Given the nature of the offenses that the defendant is charged with, and the other evidence the government intends to introduce at trial, the Court should consider whether in addition to the other factors demonstrating the defendant is a risk of flight, whether the defendant might also be a financial danger to the community.

## CONCLUSION

The Government respectfully requests that the Court grant the government's motion to detain the defendant pending trial in this case.

Respectfully submitted,

CHANNING PHILLIPS
UNITED STATES ATTORNEY

BY: /s/
Michael J. Marando
Assistant United States Attorney
555 4th Street, N.W., Rm. 5241
Washington, D.C. 20530
Tel. (202) 252-7068

Certificate of Service

I HEREBY CERTIFY that a copy of the foregoing motion and memorandum was delivered by email and via ECF to counsel for the defendant on June 29, 2017.

/s/
Michael J. Marando
Assistant United States Attorney